UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAINBRIDGE FUND LTD.,

                      Plaintiff,

       v.

THE REPUBLIC OF ARGENTINA,

                   Defendant.

Civil Case No. 1:16-cv-08605-LAP
Civil Case No. 1:16-cv-08665-LAP

**PLAINTIFF BAINBRIDGE FUND LTD.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
(212) 692-1000

*Attorneys for Plaintiff*

*Table of Contents*

*Page*

Table of Authorities ................................................................................................. ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ....................................................................................... 2

    A.   Plaintiff owns Bonds Issued by the Republic Pursuant to the FAA ................... 2

    B.   The Republic's Default on Plaintiff's FAA Bonds and
        Plaintiff's Acceleration of the Republic's Payment Obligations ....................... 2

    C.   Plaintiff's Lawsuit .............................................................................................. 3

    D.   The Republic Owes $91,446,803.75 as of May 31, 2020 .................................. 4

ARGUMENT .............................................................................................................. 6

    I.   PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ........... 6

        A.   Standard for Summary Judgment ................................................................... 6

        B.   The Republic Defaulted on the FAA Bonds and Plaintiff is
            Entitled to Partial Summary Judgment ....................................................... 7

        C.   Reservation of Rights ..................................................................................... 13

CONCLUSION ........................................................................................................... 14

*Table of Authorities*

*Cases*                                                                                                    *Page(s)*

*Allan Applestein TTEE FBO D.C.A. Grantor Tr. v. Province of Buenos Aires*,
    No. 02-cv-1773 (TPG), 2003 WL 1990206 (S.D.N.Y. Apr. 29, 2003) ....................................9

*Allan Applestein TTEE FBO D.C.A. Grantor Trust, et al. v. Republic of Argentina*,
    No. 02-cv-4124 (TPG) (S.D.N.Y. Dec. 19, 2003) ..................................................................12

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ..............................................................................................................6

*Andrarex, Ltd. v. Republic of Argentina*,
    No. 07-cv-5593 (TPG) (S.D.N.Y. Oct. 1, 2008) ..................................................................11

*Arch Ins. Co. v. Precision Stone, Inc.*,
    584 F.3d 33 (2d Cir. 2009) .................................................................................................. 7-8

*Aurelius Capital Partners, LP et al. v. Republic of Argentina*,
    No. 07-cv-11327 (TPG) (S.D.N.Y. June 13, 2008) .............................................................11

*Aurelius Capital Partners, LP, et al. v. Republic of Argentina*,
    No. 07-cv-2715 (TPG) (S.D.N.Y. Apr. 3, 2007) .................................................................11

*Banca Arner S.A. v. Republic of Argentina*,
    No. 05-cv-0277 (TPG) (S.D.N.Y. Dec. 14, 2006) ...............................................................12

*Bettoni, et al. v. Republic of Argentina*,
    No. 05-cv-04299 (TPG) (S.D.N.Y. Jan. 16, 2007) ..............................................................11

*Beyer, et al. v. Republic of Argentina*,
    No. 07-cv 00098 (TPG) (S.D.N.Y. Dec. 26, 2007) .............................................................10

*Bison Bee LLC v. Republic of Argentina*,
    No. 18-cv-3446 (LAP), 2018 WL 8058126 (S.D.N.Y. Oct. 22, 2018),
    *aff'd,* 778 F. App'x 72 (2d Cir. 2019) .................................................................................5

*Bison Bee LLC v. Republic of Argentina*,
    778 F. App'x 72 (2d Cir. 2019) ...........................................................................................4

*Blue Angel Capital I LLC v. Republic of Argentina*,
    No. 07-cv-2693 (TPG) (S.D.N.Y. Apr. 28, 2008) ..............................................................11

*Borgra, et al. v. Republic of Argentina*,
    No. 07-cv 5807 (TPG) (S.D.N.Y. Apr. 7, 2008) .................................................................11

*Page(s)*

*Botti, et al. v. Republic of Argentina*,
   No. 05-cv 8687 (TPG) (S.D.N.Y. Jan. 16, 2007) ...................................................11

*Brantford Holding S.A. v. Republic of Argentina*,
   No. 06-cv-7151 (TPG) (S.D.N.Y. Sept. 11, 2008) .................................................11

*Capital Markets Fin. Servs., Inc. et al. v. Republic of Argentina*,
   No. 06-cv-15301 (TPG) (S.D.N.Y. Nov. 8, 2010)..................................................11

*Capital Ventures Int'l v. Republic of Argentina*,
   No. 05-cv-4085 (TPG) (S.D.N.Y. Mar. 16, 2007)..................................................11

*Capital Ventures Int'l v. Republic of Argentina*,
   No. 06-cv-207 (TPG) (S.D.N.Y. June 8, 2007) .....................................................11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)................................................................................................6

*Connolly v. Calvanese*,
   515 F. App'x 62 (2d Cir. 2013) .............................................................................6

*Consolini, et al. v. The Republic of Argentina*,
   No. 05-cv-00177 (TPG) (S.D.N.Y. Apr. 2, 2007) .................................................11

*Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*,
   603 F.3d 169 (2d Cir. 2010)...................................................................................8

*Cordoba Capital v. Republic of Argentina*,
   No. 06-cv-5887 (TPG) (S.D.N.Y. May 28, 2009) .................................................11

*Crespo v. Republic of Argentina*,
   No. 07 Civ. 11457, 2015 WL 4998552 (S.D.N.Y. Aug. 21, 2015) .......................10

*Dvoskin v. Prinz*,
   205 A.D.2d 661, 613 N.Y.S.2d 654 (2d Dep't 1994) .............................................7

*EM Ltd. v. Republic of Argentina*,
   382 F.3d 291 (2d Cir. 2004)...................................................................................8

*EM Ltd. v. Republic of Argentina*,
   No. 03-cv-2507 (TPG) (S.D.N.Y. Oct. 27, 2009)..................................................11

*Exp.-Imp. Bank of the Republic of China v. Grenada*,
   No. 13 Civ. 1450(HB), 2013 WL 4414875 (S.D.N.Y. Aug. 19, 2013) .................13

*Fedecostante, et al. v. Republic of Argentina*,
   No. 05-cv-4466 (TPG) (S.D.N.Y. Jan. 11, 2007) .................................................10

*Page(s)*

*Ferri, et al. v. Republic of Argentina,*
   No. 05-cv-2943 (TPG) (S.D.N.Y. Jan. 16, 2007) ..................................................11

*FFI Fund, Ltd. v. Republic of Argentina,*
   No. 05-cv-3328 (TPG) (S.D.N.Y. Jan, 27, 2010) ..................................................11

*Franceschi, et al. v. Republic of Argentina,*
   No. 03-cv-4693 (TPG) (S.D.N.Y. Jan. 11, 2007) ..................................................12

*Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina,*
   No. 05 Civ. 4246 (TPG), 2006 WL 397908 (S.D.N.Y. Feb. 17, 2006) ...................12

*Hanwha Corp. v. Cedar Petrochemicals, Inc.,*
   760 F. Supp. 2d 426 (S.D.N.Y. 2011) .....................................................................6

*Humphreys v. Cablevision Sys. Corp.,*
   553 F. App'x 13 (2d Cir. 2014) ...............................................................................6

*Jeffreys v. City of N.Y.,*
   426 F.3d 549 (2d Cir. 2005)......................................................................................6

*Klein, et al. v. Republic of Argentina,*
   No. 05-cv-6599 (TPG) (S.D.N.Y. June 1, 2007) ...................................................11

*Ladjevardian, et al. v. Republic of Argentina,*
   No. 06-cv-3276 (TPG) (S.D.N.Y. June 14, 2007) .................................................11

*Lang v. Ret. Living Publ'g Co.,*
   949 F.2d 576 (2d Cir. 1991)......................................................................................6

*Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.,*
   595 F.3d 458 (2d Cir. 2010).....................................................................................8

*Lightwater Corp. Ltd. v. Republic of Argentina,*
   No. 02-cv-3804 (TPG) (S.D.N.Y. May 27, 2003) .................................................12

*Lightwater Corp. v. Republic of Argentina,*
   Nos. 02-cv-3804 (TPG), 02-cv-3808 (TPG),
   2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003)..........................................................9

*Lisi, et al. v. Republic of Argentina,*
   No. 05-cv-6002 (TPG) (S.D.N.Y. Jan. 16, 2007) ..................................................11

*Los Angeles Capital v. Republic of Argentina,*
   No. 07-cv-2349 (TPG) (S.D.N.Y. May 28, 2009) ..................................................11

*Page(s)*

*Lovati v. Republic of Argentina,*
   No. 05-cv 8195 (TPG) (S.D.N.Y. Jan. 11, 2007) ...................................................10

*Lucesco Inc. v. Republic of Argentina,*
   788 F. App'x 764 (2d Cir. 2019) .........................................................................4

*Maria Fausta Cilli, et al. v. Republic of Argentina,*
   No. 04-cv-06594 (TPG) (S.D.NY. May 22, 2006) ...............................................12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986)...........................................................................................6

*Mazzini v. Republic of Argentina,*
   No. 03 Civ. 8120TPG, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005),
   *aff'd,* 282 F. App'x 907 (2d Cir. 2008).............................................................. 9-10

*Mazzini, et al. v. Republic of Argentina,*
   No. 03-cv-08120 (TPG) (S.D.N.Y. May 22, 2006) ..............................................12

*Modes, et al. v. Republic of Argentina,*
   No. 04-cv-06137 (TPG) (S.D.N.Y. Aug. 18, 2006)..............................................12

*Montreux Partners, L.P. v. Republic of Argentina,*
   No. 05-cv-4239 (TPG) (S.D.N.Y. May 28, 2009) ................................................11

*Morata, et al. v. Republic of Argentina,*
   No. 04-cv-3314 (TPG) (S.D.N.Y. Jan. 16, 2007) ................................................10

*NML Capital, Ltd. v. Republic of Argentina,*
   699 F.3d 246 (2d Cir. 2012)...........................................................................7, 9

*NML Capital, Ltd. v. Republic of Argentina,*
   No. 14 Civ. 8601 (TPG), 2015 WL 3542535 (S.D.N.Y. June 5, 2015)....................13

*NML Capital v. Republic of Argentina,*
   17 N.Y.3d 250, 928 N.Y.S.2d 666 (2011) ....................................................1, 5, 13

*Old Castle Holdings, Ltd. v. Republic of Argentina,*
   No. 02-cv-3808 (TPG) (S.D.N.Y. May 27, 2003) ................................................12

*Palmieri v. Allstate Ins. Co.,*
   445 F.3d 179 (2d Cir. 2006)...............................................................................8

*Pasquali, et al. v. Republic of Argentina,*
   No. 05-cv 10636 (TPG) (S.D.N.Y. Jan. 16, 2007) ..............................................12

*Page(s)*

*Perez, et al. v. Republic of Argentina*,
No. 14-cv-08242 (TPG) (S.D.N.Y. Aug. 21, 2015)................................................11

*Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*,
109 F.3d 850 (2d Cir. 1997).................................................................................8

*Rigueiro, et al. v. Republic of Argentina*,
No. 05-cv-03089 (TPG) (S.D.N.Y. Jan. 16, 2007) ...............................................12

*Rosa, et al. v. Republic of Argentina*,
No. 04-cv-7504 (TPG) (S.D.N.Y. May 29, 2007) ................................................10

*Rossini, et al. v. Republic of Argentina, et al.*,
No. 05-cv 6200 (TPG) (S.D.N.Y. Dec. 18, 2006) ................................................12

*United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*,
369 F.3d 34 (2d Cir. 2004)....................................................................................8

*Valley Nat'l Bank v. Greenwich Ins. Co.*,
254 F. Supp. 2d 448 (S.D.N.Y. 2003)...................................................................7

*W & D Imports, Inc. v. Lia*,
563 F. App'x 19 (2d Cir. 2014) ...........................................................................12

*W.W.W. Assocs., Inc. v. Giancontieri*,
77 N.Y.2d 157, 565 N.Y.S.2d 440 (1990) ............................................................8

*Weinstock v. Columbia Univ.*,
224 F.3d 33 (2d Cir. 2000)....................................................................................6

*White Hawthorne, LLC v. Republic of Argentina*,
Nos. 16-cv-1042 (TPG), 2016 WL 7441699 (S.D.N.Y. Dec. 22, 2016) ...........5, 13

*Wilton Capital v. Republic of Argentina*,
No. 09-cv-401 (TPG) (S.D.N.Y. June 26, 2009) .................................................11

*Wolfson v. Bruno*,
844 F. Supp. 2d 348 (S.D.N.Y. 2011)...................................................................6

*Page(s)*

*Statutes and Other Authorities*

CPLR § 5001(a) ..........................................................................................................5, 13

CPLR § 5004..............................................................................................................5, 13

Fed. R. Civ. P. 56 ...........................................................................................................6

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Memorandum of this Court dated February 22, 2007, Plaintiff Bainbridge Fund Ltd. ("Plaintiff") respectfully moves for partial summary judgment on its claims that the Republic of Argentina (the "Republic") is in breach of contract for failing to make contractually-mandated principal and interest payments on bonds held by Plaintiff and issued by the Republic.  For its relief, Plaintiff seeks a judgment for the principal amount of the bonds together with all accrued and unpaid interest for the six years prior to the filing of the Complaint on November 4, 2016 and thereafter, and interest on interest, consistent with New York law as clarified in *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 928 N.Y.S.2d 666 (2011).

## PRELIMINARY STATEMENT

Plaintiff is the owner of certain bonds issued by the Republic pursuant to a Fiscal Agency Agreement, dated October 19, 1994 (the "FAA").  Under the terms of the FAA, an "Event of Default" occurs when the Republic either fails to make a payment on principal or interest or declares a moratorium on making such payments in the future.  Once an Event of Default occurs, bondholders have the right to demand that all principal and accrued interest on the bonds be immediately held due.

In December 2001, the Republic declared a moratorium on making any future payments on all public debt, including the bonds held by Plaintiff.  As a result of this default, Plaintiff gave notice to the Republic's fiscal agent declaring the bonds to be due and payable immediately.  Yet the Republic has failed to make any payments on the bonds.  Therefore, Plaintiff is entitled to partial summary judgment and the entry of a judgment against the Republic for outstanding principal and accrued interest on Plaintiff's bonds for six years prior to the filing of the Complaint and thereafter, plus interest on interest.  The Court has granted similar motions for

partial summary judgment in numerous other matters involving similarly situated bondholders. It should do so here as well.

**STATEMENT OF FACTS**

**A.**    **Plaintiff owns Bonds Issued by the Republic Pursuant to the FAA**

Plaintiff owns several bonds issued by the Republic pursuant to the FAA ("FAA Bonds"). Among other FAA Bonds, Plaintiff is the owner of bonds in the principal amount of $34,000,000.00 issued pursuant to the FAA by the Republic and bearing ISIN US040114GG96 (the "US040114GG96 Bond").  The US040114GG96 Bond has a coupon rate of 12.25%, was issued on June 19, 2001, and matured on June 19, 2018.  Statement of Material Facts in Support of Motion for Partial Summary Judgment, dated May 19, 2020 ("SOF") ¶¶ 1-2.

With this Motion, Plaintiff seeks a judgment for all (1) outstanding principal on the US040114GG96 Bond; (2) missed interest payments at the contractual rate of 12.25% that came due prior to the US040114GG96 Bond maturing on June 19, 2018 and thereafter, and (3) 9% statutory interest on all unpaid interest.[1]

**B.**    **The Republic's Default on Plaintiff's FAA Bonds and Plaintiff's Acceleration of the Republic's Payment Obligations**

Pursuant to Section 12 of the FAA, the following are defined as "Events of Default":

> (a) Non-Payment:  The Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues of a period of 30 days; or

---

[1] Plaintiff owns other FAA Bonds as more fully described in the Complaints filed in Case No. 16 Civ. 8605 and Case No. 16 Civ. 8665.  This Motion does not seek judgment directing payment as to such FAA Bonds.  *See* May 18, 2020 Declaration of Igor Cornelsen ("Cornelsen Dec.") ¶ 8.  Plaintiff appreciates that the Republic may assert statute-of-limitations defenses as to those other FAA Bonds, and, indeed, that it may file its own motion for summary judgment seeking dismissal of Plaintiff's claims on such bonds.  With this Motion, Plaintiff does not waive any rights to its claims on the other FAA Bonds.

2

* * *

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

SOF ¶ 7.

Section 12 of the FAA further provides in relevant part that:

in the case of (a) and (d) above, each holder of Securities of such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately, and upon any such declaration the same shall become and shall be immediately due and payable upon the date that such written notice is received by the Republic …

SOF ¶ 8.

In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its public external indebtedness, including all payments due on bonds issued pursuant to the FAA.  SOF ¶ 9.

Since then, the Republic has not made payments due on the FAA Bonds, including the US040114GG96 Bond.  SOF ¶ 10.

On November 2, 2016, Plaintiff advised the Republic, by written notice to the Republic's Fiscal Agent, that it was declaring the entire principal amount of the US040114GG96 Bond, together with any accrued and unpaid interest, to be immediately due and payable pursuant to Section 12 of the FAA.  SOF ¶ 11.

Despite the notice, the Republic has continued to fail to make any payments of principal or interest on the US040114GG96 Bond.  SOF ¶ 12.

C.    **Plaintiff's Lawsuit**

On November 4, 2016 and November 8, 2016, Plaintiff filed Complaints against the Republic based on the Republic's breach of the FAA and seeking damages in the form of the

principal amount of the FAA Bonds together with all accrued and unpaid interest for the six years prior and thereafter, and interest on interest, as the Court has awarded on numerous prior occasions.  (D.E. 1).  The US040114GG96 Bond is at issue in Civil Case No. 16-cv-08605.

The FAA provides that the Republic: (a) consents to the personal jurisdiction of this Court; (b) consents to service of process by service on its agent, Banco de la Nación Argentina, in New York City; (c) waives sovereign immunity to the fullest extent permitted by law; and (d) agrees that the 1994 FAA would be governed by and construed in accordance with the laws of the State of New York.  SOF ¶¶ 3-6.  Accordingly, Plaintiff sued on the FAA Bonds in this Court.

The Republic has not yet served a responsive pleading in these actions.  Instead, beginning in early 2017 and running through 2019, the parties executed a series of stipulations to stay these cases, recognizing that the Second Circuit's consideration of legal and factual issues in similar bond cased could impact these cases.  (D.E. 19.)  In early 2019, Plaintiff proposed a carve-out to the stay so that it might file a a summary judgment motion on the US040114GG96 Bond.  The Court ruled on March 21, 2019, however, that a blanket stay should remain in effect pending the outcome of the Second Circuit decisions.  (D.E. 24.)  The Second Circuit has now ruled.  *See, e.g.*, *Lucesco Inc. v. Republic of Argentina*, 788 F. App'x 764, 766 (2d Cir. 2019); *Bison Bee LLC v. Republic of Argentina*, 778 F. App'x 72 (2d Cir. 2019).  As such, there is no longer any reason for the stay in either action and, with this Motion, Plaintiff asks the Court to lift the stays.  Moreover, the time has come for the Court to grant summary judgment on the US040114GG96 Bond.

### D.  The Republic Owes $91,446,803.75 as of May 31, 2020

In the aforementioned decisions, the Second Circuit resolved certain disputes concerning the application of the statute of limitations to certain claims on bonds issued by the Republic.  In

deference to those decisions, Plaintiff seeks judgment only with respect to the US040114GG96 Bond, which matured during the pendency of this lawsuit.[2]  Plaintiff has calculated the proposed judgment amount in accordance with this Court's decisions in *White Hawthorne, LLC  v. Republic of Argentina*, Nos. 16-cv-1042 (TPG), 2016 WL 7441699 (S.D.N.Y. Dec. 22, 2016), and *Bison Bee LLC v. Republic of Argentina*, No. 18-cv-3446 (LAP), 2018 WL 8058126 (S.D.N.Y. Oct. 22, 2018) (Preska, J.), *aff'd,* 778 F. App'x 72 (2d Cir. 2019), and in accordance with the holding of the New York Court of Appeals in *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 928 N.Y.S.2d 666 (2011).

In particular, Plaintiff seeks judgment on the US040114GG96 Bond in the amount of (1) unpaid principal, (2) unpaid interest coupons, solely to the extent that the unpaid coupons became due within (and since) six years preceding the filing of the applicable complaint, and (3) pre-judgment interest at the statutory rate of 9% pursuant to N.Y. CPLR §§ 5001(a) and 5004 accruing on each recoverable unpaid interest coupon.  SOF ¶ 13.  That figure, which is based on the detailed calculations set forth in Exhibit C to the Cornelsen Declaration, is $91,446,803.75 as of May 31, 2020.  *Id.*  The chart below summarizes the judgment amount sought for the US040114GG96 Bond, calculated as of May 31, 2020, along with a *per diem* interest amount to assist the Court in calculating the amount as of the date judgment is entered:

| Complaint Date | Maturity | Coupon Rate | Original Principal | Judgment Amount (as of 5/31/20) | *Per Diem* Interest Amount |
|---|---|---|---|---|---|
| 11/04/2016 | 6/19/2018 | 12.25% | $34,000,000.00 | **$91,446,803.75** | *$21,461.32* |

---

[2] As mentioned *supra*, footnote 1, Plaintiff anticipates that the Republic will move for summary judgment on statute of limitations grounds with respect to the remainder of the FAA Bonds, and Plaintiff reserves all rights with respect to defend its claims against any such motion.

## ARGUMENT

## I.    PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT

### A.    Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Humphreys v. Cablevision Sys. Corp.*, 553 F. App'x 13, 14 (2d Cir. 2014); *Connolly v. Calvanese*, 515 F. App'x 62, 62 (2d Cir. 2013); *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 580 (2d Cir. 1991).

In order to defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and they may not rely on conclusory allegations or unsubstantiated speculation." *Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426, 430 (S.D.N.Y. 2011) (internal quotation marks omitted; alteration in original) (quoting *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005)). "Instead, the non-moving party must 'cit[e] to particular parts of materials in the record' to show that 'a fact . . . is generally disputed.'" *Wolfson v. Bruno*, 844 F. Supp. 2d 348, 353 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 56(c)); *see, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (at summary judgment, "[t]he time has come . . . 'to put up or shut up'") (citation omitted).

"While 'disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted.'" *Wolfson*, 844 F. Supp. 2d at 354 (quoting *Anderson,* 477 U.S. at 248).

6

Summary judgment is particularly appropriate for the resolution of debt claims like this one.  *See, e.g.*, *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotation marks omitted); *Dvoskin v. Prinz*, 205 A.D.2d 661, 661, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon.") (citation omitted).

As set forth below, the undisputed facts in the record establish that the Republic defaulted on the FAA Bonds by declaring a moratorium on the payment of contractually-mandated principal and interest payments on the bonds, and that no payments have thereafter been made. Accordingly, Plaintiff is entitled to partial summary judgment finding that the Republic in breach of contract and awarding Plaintiff a judgment for principal plus interest and interest on interest on the US040114GG96 Bond.

**B.     The Republic Defaulted on the FAA Bonds and Plaintiff is Entitled to Partial Summary Judgment**

The Republic has defaulted on the FAA Bonds based on the clear terms of Section 12 of the FAA.  Plaintiff is entitled a judgment for the principal amount of the US040114GG96 Bond together with all accrued and unpaid interest for the six years prior to filing the Complaint and thereafter, and interest on interest.

"'In New York, a bond is a contract.'"  *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 257-58 (2d Cir. 2012) (quoting *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 n.4 (2d Cir. 2009)).  As a result, the application of the "Events of Default" provision in the FAA is a "'simple question of contract interpretation.'" *NML Capital, Ltd.*, 699 F.3d at 258 (quoting

*EM Ltd. v. Republic of Argentina*, 382 F.3d 291, 292 (2d Cir. 2004)); *see also Arch Ins. Co.*, 584 F.3d at 39 n.4 ("In New York, a bond is a contract and we therefore 'look to standard principles of contract interpretation to determine the rights and obligations of a surety under a bond.'") (quoting *United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 51 (2d Cir. 2004)); *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 855 (2d Cir. 1997) ("[T]he United States has a strong interest in ensuring the enforceability of valid debts under the principles of contract law, and in particular, the continuing enforceability of foreign debts owed to United States lenders.").

The Second Circuit has articulated standards to be applied to summary judgment motions in contract disputes:

> In determining a motion for summary judgment involving the construction of contractual language, a court should accord that language its plain meaning giving due consideration to the surrounding circumstances and apparent purpose which the parties sought to accomplish. Where contractual language is ambiguous and subject to varying reasonable interpretations, intent becomes an issue of fact and summary judgment is inappropriate. The mere assertion of an ambiguity does not suffice to make an issue of fact. Ambiguity resides in a writing when—after it is viewed objectively—more than one meaning may reasonably be ascribed to the language used. Only where the language is unambiguous may the district court construe it as a matter of law and grant summary judgment accordingly.

*Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006) (internal quotation marks and citation omitted).

"'[T]he initial question for the court on a motion for summary judgment with respect to a contract claim is whether the contract is unambiguous with respect to the question disputed by the parties.'" *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) (quoting *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010)); *see also W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162-63, 565 N.Y.S.2d 440, 443

8

(1990) ("A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms.").

Here, Section 12 of the FAA unambiguously defines "Events of Default" to include the Republic either failing to pay principal or interest on the FAA Bonds when due or declaring a moratorium on making such payments in the future. SOF ¶ 7. There can be no dispute that, in December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due on the FAA Bonds. SOF ¶ 9; *see also NML Capital, Ltd.*, 699 F.3d at 251 (recognizing the Republic's declaration of a moratorium on the payment of principal and interest on the FAA Bonds in December 2001). Nor can there be any dispute that, since December 2001, the Republic has not made any payments of the FAA Bonds held by Plaintiff. SOF ¶¶ 10, 12. Therefore, the Republic has clearly defaulted on the US040114GG96 Bond. *See, e.g.*, *Mazzini v. Republic of Argentina*, No. 03 Civ. 8120-TPG, 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005), *aff'd*, 282 F. App'x 907 (2d Cir. 2008); *Lightwater Corp. v. Republic of Argentina*, Nos. 02-cv-3804 (TPG), 02-cv-3808 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *Allan Applestein TTEE FBO D.C.A. Grantor Tr. v. Province of Buenos Aires*, No. 02-cv-1773 (TPG), 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

Section 12 of the FAA further provides that once an Event of Default occurs, bondholders may write the Fiscal Agent and declare the principal amount of Securities of such Series held by it to be due and payable immediately. SOF ¶ 8. On November 2, 2016, Plaintiff notified the Republic's Fiscal Agent that, pursuant to Section 12 of the FAA, Plaintiff was declaring the entire principal amount of the US040114GG96 Bond, together with any accrued

and unpaid interest, to be immediately due and payable.  SOF ¶ 11.  Therefore, Plaintiff is

entitled to a judgment for the principal amount of the bonds together with all accrued and unpaid

interest for at least six years prior and thereafter, and interest on interest, and "[i]nterest on the

outstanding principal of the Bond [should] continue to accrue pre-judgment at the contract rate,

regardless of intervening maturity or acceleration in addition to statutory interest on accrued and

unpaid interest on the outstanding principal of the Bond."  *Crespo v. Republic of Argentina*, No.

07 Civ. 11457, 2015 WL 4998552, at *2 (S.D.N.Y. Aug. 21, 2015).

   Ruling on motions for summary judgment brought by similarly-situated plaintiffs suing

the Republic on bonds issued under the FAA, Judge Griesa previously "grant[ed] summary

judgment to plaintiffs who provide (1) evidence of ownership of a particular bond, and (2)

evidence specifically identifying that bond.  In most cases, a properly executed declaration and

an account statement will be sufficient to prove that the bonds plaintiffs claim to own are in fact

the bonds held in their accounts."  *Mazzini*, 2005 WL 743090, at *4.  Indeed, the Court has

previously granted motion for summary judgment and entered judgments for bondholders

similarly situated to Plaintiff, including for bonds in the same series as the US040114GG96

Bond at issue here.  *See, e.g.*, *Beyer, et al. v. Republic of Argentina*, No. 07-cv 00098 (TPG)

(S.D.N.Y. Dec. 26, 2007) (entering judgment for owners of US040114GG96 bonds); *Rosa, et al.

v. Republic of Argentina*, No. 04-cv-7504 (TPG) (S.D.N.Y. May 29, 2007) (entering judgment

for owners of US040114GG96 bonds); *Morata, et al. v. Republic of Argentina*, No. 04-cv-3314

(TPG) (S.D.N.Y. Jan. 16, 2007) (entering judgment for owners of US040114GG96 bonds);

*Fedecostante, et al. v. Republic of Argentina*, No. 05-cv-4466 (TPG) (S.D.N.Y. Jan. 11, 2007)

(entering judgment for owners of US040114GG96 bonds); *Lovati v. Republic of Argentina*, No.

05-cv 8195 (TPG) (S.D.N.Y. Jan. 11, 2007) (entering judgment for owners of US040114GG96

bonds); *see also Perez, et al. v. Republic of Argentina*, No. 14-cv-08242 (TPG) (S.D.N.Y. Aug. 21, 2015); *Capital Markets Fin. Servs., Inc. et al. v. Republic of Argentina*, No. 06-cv-15301 (TPG) (S.D.N.Y. Nov. 8, 2010); *FFI Fund, Ltd. v. Republic of Argentina*, No. 05-cv-3328 (TPG) (S.D.N.Y. Jan, 27, 2010); *EM Ltd. v. Republic of Argentina*, No. 03-cv-2507 (TPG) (S.D.N.Y. Oct. 27, 2009); *Wilton Capital v. Republic of Argentina*, No. 09-cv-401 (TPG) (S.D.N.Y. June 26, 2009); *Los Angeles Capital v. Republic of Argentina*, No. 07-cv-2349 (TPG) (S.D.N.Y. May 28, 2009); *Cordoba Capital v. Republic of Argentina*, No. 06-cv-5887 (TPG) (S.D.N.Y. May 28, 2009); *Montreux Partners, L.P. v. Republic of Argentina*, No. 05-cv-4239 (TPG) (S.D.N.Y. May 28, 2009); *Andrarex, Ltd. v. Republic of Argentina*, No. 07-cv-5593 (TPG) (S.D.N.Y. Oct. 1, 2008); *Brantford Holding S.A. v. Republic of Argentina*, No. 06-cv-7151 (TPG) (S.D.N.Y. Sept. 11, 2008); *Aurelius Capital Partners, LP et al. v. Republic of Argentina*, No. 07-cv-11327 (TPG) (S.D.N.Y. June 13, 2008); *Blue Angel Capital I LLC v. Republic of Argentina*, No. 07-cv-2693 (TPG) (S.D.N.Y. Apr. 28, 2008); *Borgra, et al. v. Republic of Argentina*, No. 07-cv 5807 (TPG) (S.D.N.Y. Apr. 7, 2008); *Ladjevardian, et al. v. Republic of Argentina*, No. 06-cv-3276 (TPG) (S.D.N.Y. June 14, 2007); *Capital Ventures Int'l v. Republic of Argentina*, No. 06-cv-207 (TPG) (S.D.N.Y. June 8, 2007); *Klein, et al. v. Republic of Argentina*, No. 05-cv-6599 (TPG) (S.D.N.Y. June 1, 2007); *Aurelius Capital Partners, LP, et al. v. Republic of Argentina*, No. 07-cv-2715 (TPG) (S.D.N.Y. Apr. 3, 2007); *Consolini, et al. v. The Republic of Argentina*, No. 05-cv-00177 (TPG) (S.D.N.Y. Apr. 2, 2007); *Capital Ventures Int'l v. Republic of Argentina*, No. 05-cv-4085 (TPG) (S.D.N.Y. Mar. 16, 2007); *Bettoni, et al. v. Republic of Argentina*, No. 05-cv-04299 (TPG) (S.D.N.Y.  Jan. 16, 2007); *Botti, et al. v. Republic of Argentina*, No. 05-cv 8687 (TPG) (S.D.N.Y.  Jan. 16, 2007); *Ferri, et al. v. Republic of Argentina*, No. 05-cv-2943 (TPG) (S.D.N.Y. Jan. 16, 2007); *Lisi, et al. v. Republic of Argentina*, No. 05-cv-6002 (TPG) (S.D.N.Y.

Jan. 16, 2007); *Pasquali, et al. v. Republic of Argentina*, No. 05-cv 10636 (TPG) (S.D.N.Y. Jan.

16, 2007); *Rigueiro, et al. v. Republic of Argentina*, No. 05-cv-03089 (TPG) (S.D.N.Y. Jan. 16,

2007); *Franceschi, et al. v. Republic of Argentina*, No. 03-cv-4693 (TPG) (S.D.N.Y. Jan. 11,

2007); *Rossini, et al. v. Republic of Argentina, et al.*, No. 05-cv 6200 (TPG) (S.D.N.Y. Dec. 18,

2006); *Banca Arner S.A. v. Republic of Argentina*, No. 05-cv-0277 (TPG) (S.D.N.Y. Dec. 14,

2006); *Modes, et al. v. Republic of Argentina*, No. 04-cv-06137 (TPG) (S.D.N.Y. Aug. 18,

2006); *Maria Fausta Cilli, et al. v. Republic of Argentina*, No. 04-cv-06594 (TPG) (S.D.NY.

May 22, 2006); *Mazzini, et al. v. Republic of Argentina*, No. 03-cv-08120 (TPG) (S.D.N.Y. May

22, 2006); *Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina*, No. 05

Civ. 4246 (TPG), 2006 WL 397908 (S.D.N.Y. Feb. 17, 2006); *Allan Applestein TTEE FBO*

*D.C.A. Grantor Trust, et al. v. Republic of Argentina*, No. 02-cv-4124 (TPG) (S.D.N.Y. Dec. 19,

2003); *Old Castle Holdings, Ltd. v. Republic of Argentina*, No. 02-cv-3808 (TPG) (S.D.N.Y.

May 27, 2003); *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02-cv-3804 (TPG)

(S.D.N.Y. May 27, 2003).

    Plaintiff is entitled to the same result as those obtained by the bondholders above and,

indeed, the Republic is collaterally estopped from contending otherwise.  *See W & D Imports,*

*Inc. v. Lia*, 563 F. App'x 19, 22 n.4 (2d Cir. 2014) (collateral estoppel applies where "(1) the

issues in both proceedings are identical, (2) the issue in the prior proceeding was actually

litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior

proceeding, and (4) the issues previously litigated were necessary to support a valid and final

judgment on the merits") (internal quotation marks omitted).

    The foregoing cases involving FAA bonds – including the US040114GG96 Bond – have

settled the law in this area.  Judge Griesa, for instance, has ruled that:

> [i]n an action for defaulted bond payment, the six-year limitations
> period applies to both defaulted principal and interest.  It begins to
> run for each interest installment on the day payment is due and for
> principal on the day the bond matures. . . .  In other words, a
> plaintiff may recover only those interest payments due within the
> six years prior to commencing the action . . . .

*White Hawthorne*, 2016 WL 7441699, at *10.  Furthermore, the New York Court of Appeals has

determined that statutory interest, at the rate of 9% under N.Y. CPLR §§ 5001(a) and 5004, is

recoverable on unpaid interest that became due upon or before the maturity or acceleration of the

bond.  *See NML Capital*, 17 N.Y.3d 250, 928 N.Y.S.2d 666.  Plaintiff's request for partial

summary judgment and related calculations are consistent with the foregoing authorities, by

setting forth the amount owed as of May 31, 2020, together with a *per diem* interest amount that

will run on the May 31 calculation in the event judgment issues at a later date.  Cornelsen Dec.

Ex. C.  Consistent with those authorities, the Court should grant summary judgment here.

### C.      Reservation of Rights

The FAA contains a *pari passu* clause.  *See* Cornelsen Dec. Ex. A, ¶ 1(c).  This Court

previously has found that the rights arising from a *pari passu* clause are fundamentally different

from those bound up in a debt judgment.  *See NML Capital, Ltd. v. Republic of Argentina*, Nos.

14 Civ. 8601 (TPG), 2015 WL 3542535, at *5-6 (S.D.N.Y. June 5, 2015) ("The claim for failure

to pay principal and interest is fundamentally different from the *pari passu* claim. . . . Thus, the

court concludes that the *pari passu* clause is different from what was previously litigated, and not

precluded by principles of *res judicata* or merger."); *Exp.-Imp. Bank of the Republic of China v.

Grenada*, No. 13 Civ. 1450(HB), 2013 WL 4414875, at *1-3 (S.D.N.Y. Aug. 19, 2013).  In the

event that the Republic refuses payment even after final judgment, and continues to violate its

covenants under the *pari passu* clause in ¶ 1(c) of the FAA by paying other external indebtedness

or preferring other bonds issued under the FAA, then Plaintiff reserves all rights to move for further relief arising from the clause.

## CONCLUSION

Based on the forgoing, the Court should grant Plaintiff's motion for partial summary judgment as to the Republic's default and enter a monetary judgment against the Republic in the for the principal amount of the of the US040114GG96 Bond together with all accrued and unpaid interest for six years, and interest on interest.

Dated:  New York, New York
        May 19, 2020

                                DUANE MORRIS LLP

                                By:   s/ Anthony J. Costantini
                                      Anthony J. Costantini
                                      David T. McTaggart
                                1540 Broadway
                                New York, New York 10036
                                Phone: (212) 692-1000
                                Fax: (212) 692-1020
                                Email: ajcostantini@duanemorris.com
                                       dtmctaggart@duanemorris.com

                                *Attorneys for Plaintiff Bainbridge Fund Ltd.*